IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DACHARY DAVIS, | ) CASE NO. 5:11CV996 |
| | ) |
| Petitioner, | ) JUDGE BENITA Y. PEARSON |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) KATHLEEN B. BURKE |
| JOHN COLEMAN, Warden, | ) |
| Allen Correctional Institution, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

Petitioner, Dachary Davis ("Davis"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 18, 2011. Doc. 1. Davis challenges the constitutionality of his conviction and sentence in *State v. Davis*, Case No. 2007CR1762 (Stark County 2007). Davis pled guilty to a two-count indictment charging him with trafficking in cocaine and possession of cocaine, each count including a major drug offender specification. He was sentenced to an aggregate term of 11 years to be followed by post-release control supervision.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. Respondent has filed a motion to dismiss the instant habeas petition as time-barred. Doc. 6. As explained below, Davis's petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d) and, alternatively, his sole ground for relief asserts an error of state law that is not cognizable on federal habeas review. Accordingly, Respondent's motion to dismiss should be GRANTED and Davis's petition should be DENIED.

## I. Procedural Background

### A. State Conviction

On November 5, 2007, a Stark County Grand Jury issued an indictment charging Davis with one count of trafficking in cocaine (Ohio Rev. Code § 2925.03(A)(2)(C)(4)(g)) and one count of possession of cocaine (Ohio Rev. Code § 2925.11(A)(C)(4)(f)). Doc. 6, Exhibit 1. Each count included a major drug offender specification. Doc. 6, Exhibit 1. Davis, through counsel, entered a plea of not guilty as charged. On December 17, 2007, Davis withdrew his not guilty plea and executed a plea of guilty to the indictment. Doc. 6, Exhibit 2, Change of Plea and Judgment Entry. The trial court accepted his plea and ordered Davis to serve a term of ten years imprisonment for each count, with an additional one year sentence because of the major drug offender specification, to be served concurrently, for an aggregate sentence of eleven years incarceration. Doc. 6, Exhibit 2, Change of Plea and Judgment Entry. As part of his sentence, the trial court notified Davis that post-release control supervision "is **mandatory** in this case. The control period may be a maximum term of **five** years." Doc. 6, Exhibit 2, Change of Plea and Judgment Entry, Tr. 10 (emphasis in original).

Davis did not pursue a timely appeal of his conviction and sentence.

### B. Motion for Sentence Modification

On April 15, 2008, Davis, *pro se*, filed a motion for sentence modification. Doc. 6, Exhibit 3. Davis alleged he was entitled to a reduction in sentence pursuant to Section 6 of Senate Bill 73 and the decisions rendered in *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Doc. 6, Exhibit 3. The State opposed the motion to modify. Doc. 6, Exhibit 4. On September 17, 2008, the trial court denied Davis's motion for sentence

2

modification.  Doc. 6, Exhibit 5.

**C.      Delayed Direct Appeal**

On October 22, 2008, Davis, *pro se*, filed a notice of appeal of his December 27, 2007, sentencing entry in the Fifth District Court of Appeals, Stark County.  Doc. 6, Exhibit 6.  On November 13, 2008, the Ohio Court of Appeals, *sua sponte*, dismissed the appeal as untimely filed.  Doc. 6, Exhibit 7.

**D.      Motion to Vacate Plea**

On October 28, 2009, Davis, through counsel, filed a motion to vacate plea, arguing that his sentence was void and that the trial court failed to provide him proper notice of the imposition of post-release control.  Doc. 6, Exhibit 8.  During his change of plea and subsequent sentencing, the trial court had informed Davis that "a period of control or supervision . . . is **mandatory** in this case [and] . . . may be a maximum term of **five** years."  Doc. 6, Exhibit 2, Change of Plea and Judgment Entry, Tr. 10 (emphasis in original).  In his motion to vacate plea, Davis argued that the original sentence was void in that it did not impose a mandatory term of post-release control and asserted that he would not have pled guilty had he been aware of the requirements of post-release control.  Doc. 6, Exhibit 8.  The State filed a response in opposition.  Doc. 6, Exhibit 9.

On February 23, 2010, the trial court overruled Davis's motion to vacate plea but determined that it would hold a resentencing hearing and issue a *nunc pro tunc* judgment entry pursuant to Ohio Rev. Code § 2929.191 and *State v. Singleton*, 2009 Ohio 6434 (Ohio 2009)[1] to

---

[1] The Ohio Supreme Court in *State of Ohio v. Simkins*, 117 Ohio St.3d 420, 884 N.E.2d 568 (2008), held that an Ohio felony sentence that did not include a required post-release control element is void.  Subsequently, Ohio Revised Code § 2929.191 was enacted and allowed the sentencing court to enter a *nunc pro tunc* judgment to correct or include the term of post-release control.  In *State v. Singleton*, 124 Ohio St.3d 173, 920 N.E.2d 958 (2009), the Ohio Supreme Court held that Ohio Rev. Code § 2929.191 applied only to sentences imposed on or after the statute's effective date, July 11, 2006.

specify that the term of the post-release control would be a mandatory five years. Doc. 6, Exhibit 10. The trial court rejected Davis's contention that he was not aware of the requirement of post-release control, finding "that the defendant was properly advised of post release control prior to pleading and was orally advised of post release control at the sentencing hearing." *Id*.

On March 13, 2010, the trial court conducted a resentencing hearing. Doc. 6, Exhibit 11. The trial court journalized a *nunc pro tunc* judgment entry on May 28, 2010 that provided, "[u]pon release from prison, the Defendant is ordered to serve a **mandatory period of five (5) years of post-release control on each count**."[2] Doc. 6, Exhibit 11, Tr. 52 (emphasis in original). The terms of post-release control imposed at resentencing were to be served concurrently. Doc. 6, Exhibit 11, Tr. 56. The trial court then set forth the penalties for violation of the terms and conditions of post-release control supervision. Doc. 6, Exhibit 11.

On October 8, 2010, Davis, *pro se*, filed a notice of appeal and a motion for delayed appeal of his resentencing. Doc. 6, Exhibits 12 and 13. The State filed a motion to dismiss in response. Doc. 6, Exhibit 14. On November 22, 2010, the Ohio Court of Appeals denied the motion for delayed appeal, finding that Davis failed to show good cause for his untimely filing. Doc. 6, Exhibit 15, Judgment Entry.

Davis timely appealed to the Ohio Supreme Court. Doc. 6, Exhibit 16. In his memorandum in support of jurisdiction, Davis raised one proposition of law:

> I. Whether a defendant's rights are violated under the Sixth and Fourteenth Amendments to the United States Constitution when his counsel fails to file a notice of appeal after being instructed to do so.

Doc. 6, Exhibit 17. The State filed a waiver of memorandum in response. Doc. 6, Exhibit 18.

---

[2] Pursuant to Ohio Rev. Code § 2967.28(B), the period of post-release control for a defendant convicted of a felony of the first degree is five years. Davis pled guilty to one count of trafficking in cocaine (Ohio Rev. Code § 2925.03 (A)(2)(C)(4)(g)) and one count of possession of cocaine (Ohio Rev. Code § 2925.11(A)(C)(4)(f)), which are both felonies of the first degree in Ohio.

On March 16, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question. Doc. 6, Exhibit 19.

**E.     Federal Habeas Corpus**

Davis's habeas petition was officially filed with the district court on May 18, 2011. Doc. 1. However, Davis's petition reflects that he signed the petition and placed it in the prison mailing system on May 6, 2011. Doc. 1, p. 3. Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)). In his petition, Davis asserts one ground for relief:

> **Ground One**: The trial court violated Petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution when it came to a decision contrary to that of the United States Supreme Court in denying his motion for delayed appeal.
>
> > **Supporting Facts**:  On March 13, 2010, Petitioner, Dachary Lamont Davis, was sentenced via video monitor while he was imprisoned at Allen Correctional Institution. At the sentencing hearing, Petitioner specifically asked for counsel to be appointed, and that a notice of appeal be filed on his behalf. The trial court journalized the sentencing entry on May 28, 2010, making it a final appealable order. Counsel, though, failed to perfect an appeal in the court of appeals. After several attempts to contact counsel regarding the appeal without response, petitioner discovered that no appeal had been filed. On October 8, 2010, petitioner filed a pro se motion for delayed appeal.  On November 22, 2010, the court of appeals denied the motion holding that even though Petitioner instructed his counsel to file a notice of appeal on his behalf, and he failed to do so, "lack of effort or imagination, and ignorance of the law, are not such circumstances that automatically establish good cause for failure to timely seek relief."
> >
> > Petitioner asserts that the decision reached by the state court of appeals resulted in a decision that was contrary to, or involved, an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and as such petitioner was deprived of his right under both the Sixth and Fourteenth Amendments to the United States Constitution.

Doc. 1. On October 5, 2011, Respondent filed his Motion to Dismiss Habeas Petition as Time-Barred. Doc. 6. On October 31, 2011, Davis filed his Traverse to Respondent's Motion to Dismiss. Doc. 10. On November 14, 2011, Respondent filed a Reply to the Traverse. Doc. 11.

## II. Law & Analysis

**A.     Davis's Petition is Barred from Review under the One-Year Statute of Limitations**

Respondent contends that Davis's petition for writ of habeas corpus is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year period of limitations is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

### 1. Davis's Petition is Untimely

Respondent correctly argues that Davis's claim for relief is governed by the one-year statute of limitations set forth in § 2254(d)(1)(A), which began to run when petitioner's conviction became "final." Doc. 6, p. 8. The provisions set forth in § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply here because Davis has neither alleged that a state-created impediment prevented him from filing a federal habeas petition nor asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. The provision set forth in § 2244(d)(1)(D) is likewise inapplicable because, as discussed below, the factual predicate of his habeas claim – that the Ohio Court of Appeals violated his Sixth and Fourteenth Amendment Rights by denying his motion for delayed appeal as untimely – occurred after the statute of limitations had expired.

Davis was sentenced to prison on December 17, 2007, with the judgment entry journalized on December 27, 2007. He did not file a timely appeal with Ohio Court of Appeals. *See* Ohio R. App. P. 4(A). Davis's conviction therefore became "final" within the meaning of § 2244(d)(1)(A) on January 27, 2008, one day after the 30-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's December 27, 2007 final judgment entry. Ohio R. App. P. 4(A); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Thus, the statute of limitations commenced running on January 27, 2008 and expired one year later on January 27, 2009, absent application of statutory or equitable tolling principles.

### 2. Statutory Tolling

During the one-year limitations period, Davis was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* ___

U.S.___, 130 S.Ct. 2549, 2554, 177 L.Ed.2d 130 (2010); *Allen v. Siebert,* 552 U.S. 3, 4, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Id*.  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

Here, Davis filed a motion for a sentence modification with the trial court on April 15, 2008.  Doc. 6, Exhibit 3.  Respondent argues that this motion should not be considered a properly filed application for state post-conviction relief for federal habeas purposes because it did not attack Davis's conviction but rather the length of the sentence.  Contrary to this argument, Davis's motion should be considered for purposes of statutory tolling because it was properly filed with the trial court and it challenged his sentence.  Doc. 6, Exhibit 5.  The trial court denied Davis's motion for sentence modification on September 17, 2008.  Doc. 6, Exhibit 5.  As such, the statute of limitations ran from January 27, 2008 to April 15, 2008, or for a period of 79 days, and was then tolled until September 17, 2008.

The time clock began to run again on September 18, 2008, the day after the trial court overruled Davis's motion for sentence modification, and continued to run for 35 more days, until October 22, 2008, when Davis filed a notice of appeal with Ohio's Fifth District Court of Appeals.  Doc. 6, Exhibit 6.  The Ohio Court of Appeals dismissed the appeal as untimely on November 13, 2008.  Doc. 6, Exhibits 6-7.  The statute of limitations was accordingly tolled from October 22, 2008 to November 13, 2008.

The time clock resumed running on November 14, 2008, the day after Davis's delayed appeal was dismissed.  Davis did nothing to challenge his conviction or sentence until October

8

28, 2009, when he filed a motion to vacate his guilty plea with the trial court. Doc. 6, Exhibit 8. At that point, the clock had run for an additional 348 days, bringing the total number of days to 462 (79 days + 35 days + 348 days), well over the one-year limitation period. The one-year statute of limitations expired on July 23, 2009. As such, Davis's motion to vacate his guilty plea, which was filed 97 days after the statute of limitations expired, could not serve to toll the limitations period. Furthermore, Davis did not reset the statute of limitations by filing this motion. *See, e.g., Keeling v. Warden*, No. 09-4284, 2012 WL 447492 (6th Cir. Feb. 23, 2012); *Goodballet v. Mack*, 266 F.Supp.2d 702, 707 (N.D. Ohio 2003) (citing *Thompson v. Chandler*, 36 F. App'x 783, 785 (6th Cir. 2002)); *Coffey v. Warden, Warren Corr. Inst.*, No. 1:06cv717, 2007 WL 951619, at *1, *3–5 (S.D. Ohio Mar.28, 2007) (holding that the filing of a post-sentence motion to withdraw a guilty plea only serves to toll "the limitations period and does not reset it," and that the "fact that the Ohio courts considered [the] motion . . . on the merits does not change the . . . determination that the federal statute of limitations commenced running when petitioner's conviction became 'final' " six years earlier). The instant habeas petition is therefore untimely because it was filed after July 23, 2009.

Davis incorrectly argues that his habeas time clock should start on the date that the *nunc pro tunc* resentencing judgment entry became final, i.e., after his appeals of the resentencing entry were concluded. Doc. 10, pp. 1-3. In support of this argument, he cites to *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006), in which the Sixth Circuit held that, in general, the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final rather than the date that the original conviction became final. Davis also cites to *Simmons v. Gansheimer*, No. 1:08CV1166 2011 WL 2456678 (N.D. Ohio June 16 2011) (Lioi, J.) (adopting report and recommendation issued

by District Judge Benita Y. Person, who was elevated from Magistrate Judge to District Judge after issuing the report and recommendation), in which the court explained the divergence of opinion among federal courts as to when a judgment becomes final for appellate purposes in cases of resentencing, citing to *Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) and *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) as examples.

However, all of the cases cited by Davis are distinguishable from the present case because each case involved a full resentencing hearing, not a *nunc pro tunc* judgment entry issued by the trial court to correct a technical error.  In this case, the trial conducted a resentencing hearing pursuant to Ohio Rev. Code § 2929.191 because it did not inform Davis that the five-year term of post-release control was mandatory, but rather stated that post release control was mandatory for up to a maximum period of five years.  The trial court corrected this error by issuing a *nunc pro tunc* judgment entry pursuant to Ohio Revised Code § 2929.191, which authorizes a sentencing court to enter a *nunc pro tunc* judgment to correct or include the term of post-release control.  Doc. 6, Exhibit 11.  That this case involves a *nunc pro tunc* judgment entry is an important fact that distinguishes it from the cases relied on by Davis.

In Ohio, *nunc pro tunc* orders do not create new substantial rights that entitle defendants to new appeals.  *See, e.g., Lyles v. Sheldon*, 2011 WL 3472401 (N.D. Ohio July 26, 2011) (Report and Recommendations) *adopted,* 2011 WL 3472382 (N.D. Ohio Aug. 9, 2011) (citing *Gold Touch, Inc. v. TJS Lab, Inc.*, 138 Ohio App. 3d 106 (Ohio App. 1st Dist. 1998); *Roth v. Roth*, 65 Ohio App.3d 768, 585 N.E.2d 482 (Ohio App. 6th Dist. 1989); *Kuehn v. Kuehn*, 55 Ohio App. 3d 245 (Ohio App. 12th Dist. 1988)).  Indeed, Ohio law does not permit an appeal from a judgment entry changed *nunc pro tunc*:

> The function of a *nunc pro tunc* journal entry is to correct an omission in a prior journal entry so as to enter upon the record judicial action actually taken but

10

> erroneously omitted from the record. A *nunc pro tunc* judgment cannot be used to change a prior journal entry unless it did not reflect what was actually decided by the court.

*Roth*, 585 N.E.2d at 484. "[N]*unc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the clerk might or should have decided or what the court intended to decide." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St. 3d 97, 671 N.E.2d 236, 240 (1996). Thus, an appeal must ordinarily be taken from the original judgment entry, not from the corrected entry, unless the correction substantively changes the judgment. *See Goelling v. Goelling,* 1992 WL 388535, at *3 (Ohio App. 4th Dist. 1992); *Roth*, 585 N.E.2d at 483-84.

In this case, the *nunc pro tunc* resentencing judgment entry did not substantively alter the original judgment entry. The trial court imposed the same sentence as it had before and simply corrected its error with regard the mandatory term of post-release control, as authorized by Ohio Rev. Code § 2929.191. The correction was mechanical in nature and did not involve a legal decision or judgment. Accordingly, under Ohio law, appeal from the *nunc pro tunc* judgment entry was not permitted.

Finally, the Ohio Supreme Court recently reiterated that a resentencing hearing permits a new appeal of right only as to issues arising from the resentencing hearing; it does not permit a new appeal of right as to other unrelated claims. *State v. Fischer*, 128 Ohio St. 3d 92, 942 N.E.2d 332, 343 (2010). In his appeals from the *nunc pro tunc* resentencing judgment entry, Davis did not identify any issue arising specifically from the resentencing hearing, as opposed to the original sentencing hearing. Davis filed a motion for delayed appeal of his resentencing with the Ohio Court of Appeals but did not explain what his underlying claim would have been had his appeal been granted. Doc. 6, Exhibit 13. The Ohio Court of Appeals denied leave to file the delayed appeal. Doc. 6, Exhibit 15. Davis then filed a notice of appeal with the Ohio Supreme

Court, asserting that his trial counsel was ineffective for failing to file a timely notice of appeal with the Ohio Court of Appeals. However, Davis again failed to explain what his claim would have been if he had been granted leave to file a delayed appeal. Because Davis failed to identify any issue arising from his resentencing hearing, he was not entitled to a new round of appeals or a "second bite at the apple."

Based on the foregoing, the statute of limitations began to run in this case on the date that the original conviction became final, not on the date the resentencing *nunc pro tunc* judgment was entered. Accordingly, Davis's petition is time-barred unless he is entitled to equitable tolling.

### 3. Equitable Tolling

The AEDPA's statute of limitations is also subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied*, ___U.S.___, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)). Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the

"ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011).[3]

Davis has failed to even argue, much less demonstrate, that he is entitled to equitable tolling in this case. First, Davis has not shown that he has been diligent in pursuing his rights. Davis filed two delayed appeals in state court, which were both denied as untimely. This demonstrates that Davis has not acted with the degree of diligence necessary to trigger equitable tolling concerns. Second, Davis has not shown, and there is no evidence in the record to establish, that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner. Thus, Davis is not entitled to equitable tolling of the statute of limitations.

In sum, the statute of limitations commenced running on January 27, 2008, one day after Davis's conviction became "final" by the expiration of the 30-day period for filing an appeal as of right to the Ohio Court of Appeals. The one year period ended, at the latest, on July 23, 2009, after taking into account statutory tolling of the statute of limitations while Davis's motion for sentence modification and his delayed appeal were pending before the State courts. Equitable tolling principles do not apply to further toll the limitations period in this case. Therefore, the instant habeas corpus petition, which was filed at the earliest on May 6, 2011, or nearly one year and ten months after the expiration of the one-year limitations period, should be dismissed because it is time-barred.

---

[3] Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall,* 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n. 1 (6th Cir.), *cert. denied*, ___U.S.___, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* ___ F. App'x___, No. 10–1379, 2012 WL 48186, at *2 n. 1 (6th Cir. Jan. 9, 2012).

**B.    Davis's Sole Ground for Relief is Not Cognizable on Federal Habeas Review**

Respondent contends, in the alternative, that Davis's sole ground for relief is based on purported violations of Ohio law and is, consequently, not cognizable in this federal habeas corpus case. In his Traverse, Davis argues that his claim is cognizable because it is actually a claim of ineffective assistance of counsel. Davis asserts that his counsel at his resentencing hearing was ineffective because he did not file an appeal from the *nunc pro tunc* judgment entry.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). A federal court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted). Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 388, 897 (6th Cir.2008).

Davis's sole ground for relief stated in his petition is not cognizable in the present case. In his petition, Davis alleges that his rights under the Sixth and Fourteenth Amendments to the Constitution were violated because the Ohio Court of Appeals denied his motion to file a delayed appeal. Doc. 1, pp. 2-3. This claim is based solely on Ohio law because Davis is challenging the state appellate court's application of Ohio Appellate Rule 5(a), which provides appellate courts

wide discretion in granting or denying an appellant's motion for a delayed appeal.  Davis's first claim, as stated in his petition, is thus without merit.

In his Traverse, Davis clarifies his argument and asserts that his claim is an ineffective assistance of counsel claim.  However, even construing his petition liberally, Davis has not asserted an ineffective assistance of counsel claim in his petition and cannot raise it for this first time in his Traverse.  In his ground for relief, Davis states that the "trial court violated [his] rights under the Sixth and Fourteenth Amendments . . . when it came to a decision contrary to that of the United States Supreme Court in denying his motion for delayed appeal."  Doc. 1, p. 2.  In his statement of supporting facts, Davis notes that he instructed his counsel to file a notice of appeal, that counsel did not file the appeal, and that Davis *pro se* filed a motion for delayed appeal.  Doc. 1, pp. 2-3.  Davis then discusses the denial of his motion for delayed appeal and concludes his argument with a statement that "the decision reached by the state court of appeals resulted in a decision that was contrary to, or involved, an unreasonable application of clearly established federal law . . . and as such petitioner was deprived of his right under both the Sixth and Fourteenth Amendments to the United States Constitution."  Doc. 1, pp. 2-3.  Even construing the petition liberally, Davis is challenging the decision of the Ohio Court of Appeals, not the performance of his counsel.  It is not until his Traverse that Davis asserts that his counsel was ineffective.  Any alleged violations of constitutional rights that are first raised in a Traverse, rather than the habeas petition, are not properly before the Court, and will not be considered. *See, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293, 311-12 (6th Cir. 2011); *Tyler v. Mitchell,* 416 F.3d 500, 503 (6th Cir. 2005) (holding that district court did not err in declining to address claim first raised in traverse rather than in habeas petition).  Accordingly, Davis's sole ground for relief is also without merit and should be denied.

### III.  Conclusion and Recommendation

For all of the reasons stated above, the undersigned Magistrate Judge concludes that Davis's petition for writ of habeas corpus is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).  Alternatively, the sole ground for relief stated in the petition is not cognizable on federal habeas review because it is a claim based on state law.  Accordingly, Respondent's motion to dismiss (Doc. 6) should be GRANTED and Davis's petition should be DISMISSED with prejudice.

Dated: March 6, 2012

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).