PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DACHARY DAVIS, | ) | |
| | ) | CASE NO. 5:11cv996 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOHN COLEMAN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF No. 16] |

On March 6, 2012 Magistrate Judge Kathleen B. Burke issued a Report and Recommendation recommending dismissal of Petitioner's petition. ECF No. 12. Objections were due on March 20, 2012. No Objection was filed, and the Court adopted the Report and Recommendation on March 21, 2012. ECF No. 13.

On March 29, 2012 Petitioner filed an Objection. ECF No. 16. Though filed with the Court on March 29, Petitioner's Objection was deposited in the prison mailbox on March 24, 2012. ECF No. 16 at 4. Petitioner was served with a copy of the Report and Recommendation on March 16, 2012. ECF No. 16 at 1, 4. Pursuant to Local Rule 72.3(b), a party may object to a Magistrate Judge's report and recommendation within 14 days after being served with a copy thereof. Thus, Petitioner's Objection was timely filed. The Court will now consider Petitioner's timely filed Objection.

**I. Legal Standard**

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge must

(5:11cv996)

determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id.* The district judge may: accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

Accordingly, the Court has conducted a *de novo* review of the Magistrate Judge's Report and has considered Petitioner's arguments raised in his Objection. The Court agrees with the recommendation of the Magistrate Judge that Petitioner's petition be denied.

## II. Background

On December 17, 2007 Petitioner pleaded guilty to a two-count indictment charging him with trafficking in cocaine and possession of cocaine, each count including a major drug offender specification. ECF No. 12 at 2. On December 27 he was sentenced to an aggregate term of 11 years to be followed by post-release control supervision. ECF No. 12 at 1, 3.[1]  On April 15, 2008 Petitioner filed a motion for sentence modification, which was denied. ECF No. 12 at 2. On October 22, 2008 Petitioner filed a notice of appeal of his sentencing entry, which was denied as untimely. ECF No. 12 at 3. Almost a year later, on October 28, 2009, Petitioner filed a motion to vacate his plea, and on February 23, 2010 the trial court denied Petitioner's motion but set a resentencing hearing for March 13 to issue a *nunc pro tunc* judgment entry to specify that the term of the post-release would be a mandatory 5 years. ECF No. 12 at 3-4.  On October 10, 2012 Petitioner filed a notice of appeal and a motion for delayed appeal of his resentencing, and it was denied for failure to show good cause for untimely filing. ECF No. 12 at 4. Petitioner

---

[1] During Petitioner's change of plea and subsequent sentencing initially, the trial court had informed Petitioner that "'a period of control or supervision...is **mandatory** in this case [and]...may be a maximum term of **five** years.' ...(emphasis in original)" ECF No. 12 at 3.

(5:11cv996)

timely filed an appeal to the Ohio Supreme Court, which was denied because it did not involve

any substantial constitutional question.  ECF No. 12 at 5.

Petitioner filed his habeas petition with the instant Court on May 6, 2011.  ECF No. 1 at

3.  Petitioner asserts one ground for relief:

> Ground One: The trial court violated Petitioner's rights under the Sixth and
> Fourteenth Amendments to the United States Constitution when it came to a
> decision contrary to that of the United States Supreme Court in denying his
> motion for delayed appeal.

ECF No. 1 at 2.  The Magistrate Judge granted Respondent's Motion to Dismiss (ECF No. 6),

determining that the petition is barred by the one-year statute of limitations pursuant to 28 U.S.C.

§ 2244(d).  ECF No. 12 at 12-13.  The Magistrate Judge also found, alternatively, that the sole

ground for relief stated in the petition is not cognizable on federal habeas review because it is a

claim based upon state law.  ECF No. 12 at 15.

### III.  Analysis

Petitioner argues the Magistrate Judge improperly calculated the statute of limitations

determination because, contrary to the Report, Petitioner asserts the *nunc pro tunc* ("now for

then") judgment entry created additional rights and "a proceeding grew out of the *nunc pro tunc*

entry."  ECF No. 16 at 2.  Petitioner relies upon *Perfection Stove Co. v. Scherer*, 166 N.E. 376

(Ohio 1929).  ECF No. 16 at 2.

Petitioner's argument is misplaced.  As an initial matter, the *Scherer* court stated that a

*nunc pro tunc* entry will not "operate as to extend the period within which an appeal or error

proceeding may be prosecuted, unless additional rights are created...or unless the appeal or error

proceeding grows out of such *nunc pro tunc* entry, as distinguished from the original order or

(5:11cv996)

entry." *Scherer*, 166 N.E. at 448.  Petitioner appears to allege the *nunc pro tunc* entry created an additional right of appeal because "[t]he trial court [] advised Petitioner that he had a right to appeal the decision of the court in regard to the imposition of PRC."  ECF No. 16 at 2.

Regardless of what the trial court may have said to Petitioner or what the Petitioner took the trial court to mean, the *nunc pro tunc* entry was issued by the trial court to correct a technical error regarding post-release control pursuant to Ohio Rev. Code. 2929.191, which authorizes a sentencing court to enter a *nunc pro tunc* judgment to correct or include the term of post-release control.  As stated in the Report, in Ohio, *nunc pro tunc* orders do not create new substantial rights that entitle defendants to new appeals unless the correction substantively changes the judgment, which is not the case here.[2]  ECF No. 12 at 10-11.

The Magistrate Judge correctly calculated the statute of limitations and correctly determined the petition is time-barred.[3]

### III.  Conclusion

The Court has reviewed Petitioner's Objection.  ECF No.16.  For the reasons stated above, the Court overrules Petitioner's Objection and adopts Magistrate Judge Burke's Report

---

[2]  Petitioner also cites to *State v. Fischer*, 942 N.E.2d 332 (Ohio 2012), which held that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *Id*. at 343.  As the Report stated, Petitioner did not identify an issue arising specifically from the resentencing hearing.  ECF Nos. 12 at12; 6-1 at 70.

[3]  The Magistrate Judge, on alternative grounds, also determined Petitioner's federal habeas petition is improper because it rests upon purported violations of Ohio law.  ECF No. 12 at 14.  Petitioner's objection to this determination is somewhat convoluted.  The Court, after conducting a *de novo* review of the state law portion of the Report, adopts the recommendation.

4

(5:11cv996)

and Recommendation. ECF No. 12. Petitioner's petition is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. Pro. 22(b).

IT IS SO ORDERED.


  November 1, 2012                          */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                          United States District Judge

5